103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory MAYS, Defendant-Appellant.
 Nos. 95-16837, 96-10188.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.*
Decided Dec. 5, 1996.
 
 Before: FLETCHER, FARRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mays appeals the district court's denial of his second 28 U.S.C. § 2255 motion. We affirm.
 
 
 3
 The basis of Mays' claim of error on the entrapment instruction does not differ in kind from his claim of error on direct appeal. He argues that the instruction failed clearly and correctly to explain the requirement of a previous intent to commit a crime. "[A] different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief." Campbell v. Blodgett, 997 F.2d 512, 515 (9th Cir.1993) (citing Sanders v. United States, 373 U.S. 1, 16 (1963), cert. denied sub nom. Campbell v. Wood, 510 U.S. 1215 (1994)). The district court correctly concluded that this motion was repetitive to Mays' direct appeal.
 
 
 4
 Mays argues that, even if his motion is repetitive, its merits should be considered because there has been an intervening change in the law. He contends that the law in this circuit changed when the court rejected an entrapment instruction in Mkhsian v. United States. 5 F.3d 1306 (9th Cir.1993). In Mkhsian we reversed a conviction because of an entrapment instruction similar to that given in Mays' trial. Id. at 1310-11. However, Mkhsian did not change the law. It merely recognized that the law had changed a year earlier when the Supreme Court decided Jacobson v. United States, 503 U.S. 540 (1992). Mkhsian, 5 F.3d at 1311 (Ninth Circuit law would have permitted the instruction, but the Supreme Court's holding in Jacobson changed that law). Our ruling on Mays' direct appeal followed by fifteen months the Supreme Court's ruling in Jacobson. There has therefore been no change in the law since we considered and rejected Mays' entrapment argument.
 
 
 5
 Even if Mays' argument were not repetitive to his direct appeal, he failed to raise it in his initial § 2255 motion. Under Rule 9(b) a successive motion can be dismissed as an abuse of the writ. To reach the merits of a successive motion, we must find "manifest injustice." We don't. Mays identifies no reason for his failure to raise the issue in his first § 2255 motion. He clearly knew about it since he litigated the issue on direct appeal. The district court did not err in dismissing Mays' second motion as successive.
 
 
 6
 AFFIRMED.
 
 
 7
 Mays' motion to dismiss this appeal without prejudice is denied. His appeal of the district court's denial of his motion for reconsideration is dismissed as moot.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3